**TOOTLE, Exr v LANE et**

Ohio Appeals, 4th Dist, Ross Co

Decided June 3, 1932

Garrett S. Claypool, Chillicothe, and Wilby G. Hyde, Chillicothe, for plaintiff in error.

Walter W. Boulger, Chillicothe, for defendants in error.

MIDDLETON, J.

It is claimed by the executor that the trial court erred in permitting Percy J. Lane to testify as a witness in respect to matters which occurred prior to the death of Mary Gordon. The record discloses that over the objection of the executor Lane was permitted to testify in detail concerning the contract he claims to have made with the deceased and to very material matters which occurred after he made his alleged discovery of the deficit in the acreage of the land. It is contended by the executor that the admission of this testimony violated the provisions of §11495 GC. The defendants in error, however, maintain that this testimony was competent for the reason that this action involves the validity of a deed and is therefore within the exception made in said section.

We have before directed attention to the averments of the petition on which the defendants in error predicated their action and attempted to assert their claim in the Court of Common Pleas. Simply stated, they launched this case on the ground that Mary Gordon represented to them that the farm in controversy contained 187½ acres when she knew or ought to have known that it contained but 167½ acres, and that by reason of these representations the defendants in error paid the sum of $21,000 for said farm. There is no evidence in this record to show that Mary Gordon herself made a single representation to the Lanes or either of them of any kind or character, but we are not dealing with that phase of the case in discussing the competency of Lane's testimony.

We have considered the facts in evidence from every conceivable standpoint and are wholly unable to lay hold of a single material fact or circumstance that would prove or tend to prove that the validity of the deed from Mary Gordon to the defendants in error is involved in any way whatever in this suit. This is an action for damages for false representations. The record discloses that Mrs. Gordon made a deed to the Lanes which was accepted by them and which they now hold and under which they have title to the actual body of land which they purchased from Mrs. Gordon and which they intended to purchase. The evidence shows that Percy J. Lane was perfectly familiar with this body of land, that he knew its boundaries and that, to say the least, if the tract did not contain the acreage which he claims was represented to him that it did contain neither he nor his

grantor knew of that deficiency. It is practically admitted by counsel in this case that this is a fact and that if there was a belief in the mind of either party to the transaction that the farm contained 187½ acres such understanding and belief was founded upon a mistake. However, in no sense whatever or by no averments in the pleadings or by no claim made in respect to the rights of the complainants is it maintained and contended that the deed itself is not a valid conveyance of the body of land purchased by the defendants in error. However, in this connection it must be further noticed that the farm purchased was described in the deed by metes and bounds and that a calculation of the quantity of land measured by the metes and bounds will disclose that it contains but 166½ acres. We do not regard it as necessary or even proper at this time to discuss fully the legal effect on the rights of the defendants in error of that description by metes and bounds. This is so for the reason that the present disposition of the case will not be final and so long as the defendants in error maintain that active fraud was practiced in procuring a sale of this property to them the legal effect of the description by metes and bounds is not material. Clearly, this action is a claim or demand for money and in no way involves the deed to the premises, and no demand is made for any relief on the ground of the invalidity of the deed. It is an action for money only, founded on the claim that the defendants in error were induced to buy the land by false representations. It is a claim for the difference between the amount they paid by reason of such false representations and the amount they should have paid if they had known the actual acreage of the land. They accepted the deed when it was offered as a valid conveyance of the land described therein and they still hold that land under such conveyance.

The defendants in error have called attention to some authorities in support of their claim that the action involves the validity of the deed. These authorities, however, are entirely too general to be persuasive under the special and particular facts of the instant case. It is particularly insisted that the case of **Doney v Clark, Admr, 55 Oh St, 294**, is in point and decisive of the competency of Lane's testimony. We have very carefully examined that case and are wholly unable to see any analogy between that case and the case at bar. The Doney case was predicated on the claim that a deed had been made to the defendant by the grantor for the purpose of defrauding the latter's creditors. The

grantee had conveyed the property in question to an innocent purchaser without notice. The suit was an action to recover from the fraudulent original grantee the value of the land so conveyed. Surely there is no ground for any doubt as to the application of the rule under these facts. There was some discussion in the case regarding the effect on the right of the complainant because the first deed was not directly attacked by an action to cancel or by some proceeding in equity to subject the lands to the payment of the creditor's claim. The court said, however, that the form of the action was of no importance and that the action in the form then prosecuted raised the question of the validity of the deed.

We are not disposed to approve a rule which would undertake to determine the competency of evidence by the form of the action, and in the case at bar it is wholly immaterial that the action is one for money only if the determination of the right to the money claimed involved in any way the validity of the deed to the defendants in error. As before observed, however, this action is founded wholly on the contention that the defendants in error were by false representations induced to believe they were purchasing 187½ acres of land when in truth and in fact they were purchasing twenty acres less than that amount.

There is a statement in the deed that the land conveyed therein contains 207 acres, 2 rods and 6 poles less 20 acres, leaving the amount conveyed in the deed 187 acres, 2 rods and 6 poles. It is not necessary to go into any extensive legal argument as to the effect of this recital in the deed and particularly what influence that statement may have on the legal rights of the parties herein. While the acreage thus expressed in the deed was clearly erroneous there was no covenant in the deed as to the exact number of acres, and if this was an action to cancel the deed it would require more evidence than the statement referred to to justify an order of cancellation.

We conclude that the evidence of Lane was wholly incompetent and it undoubtedly was very prejudicial to the executor for the reason that it gave in detail conversations with Mrs. Gordon in which she expressed a desire and a determination to compensate the witness fully for the difference between the acreage he actually received and the acreage which he thought he was receiving. The disposition of this question requires, of course, a reversal of the judgment. We doubt the necessity at this time of passing upon the further contention that the verdict of the jury was against the manifest weight of the evidence. The evidence of Lane, as

we have observed, undoubtedly had great influence in procuring a verdict for the plaintiffs below, and if that evidence were competent we would not be disposed to interfere with the judgment on the ground it was not supported by the evidence.

There are some other matters referred to in the petition in error but we do not regard them of sufficient merit to require any special attention.

The judgment must be reversed, as before indicated, for error in admitting the testimony of Percy J. Lane respecting his transactions with the decedent.

MAUCK, PJ, and BLOSSER, J, concur.